SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207
cvandenbosch@sheppardmullin.com
GAZAL POUR-MOEZZI, Cal. Bar No. 285932
gpour-moezzi@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Plaintiff
FIRST FOUNDATION INC.

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
SABRINA A. LARSON (CA SBN 291661)
SLarson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
LBS FINANCIAL CREDIT UNION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| FIRST FOUNDATION INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LBS FINANCIAL CREDIT UNION, a California state chartered credit union; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:18-cv-01494-DOC-ADS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[DISCOVERY MATTER REFERRED TO MAGISTRATE JUDGE SPAETH]**<br><br>Judge: Hon. David O. Carter<br>Magistrate: Hon. Autumn D. Spaeth<br><br>[Complaint Filed: August 22, 2018] |

-1-

WHEREAS, the above-captioned action (the "Action") involves the alleged intellectual property interests and proprietary business information of Plaintiff First Foundation Inc. and Defendant LBS Financial Credit Union (collectively, the "Parties");

WHEREAS, discovery in this Action will involve the disclosure of private, privileged, proprietary, and confidential information, including without limitation the following:

(1) confidential and non-public financial records;

(2) confidential and non-public business and customer relationships;

(3) business plans and forecasts;

(4) non-public marketing/advertising strategies; and

(5) non-public pricing information; and

WHEREAS, the Parties to this Action believe that unrestricted disclosure or dissemination of such information could cause them injury, and desire an efficient and practicable means to designate such information as confidential and control its disclosure or dissemination;

NOW, THEREFORE IT IS HEREBY STIPULATED by the Parties, by and through their respective attorneys of record, and pursuant to Federal Rules of Civil Procedure 26(c)(1)(G) and 29, subject to the approval of the Court, that discovery of confidential information in this Action shall be had on the following terms and conditions:

**1.** **<u>Scope of Protective Order</u>**

(a) This Protective Order shall be applicable to any portions of any testimony, documents, records, or tangible things—and any copies, abstracts, excerpts, or analyses thereof—given, used, served, or produced by any party or non-party in connection with this Action (including, without limitation, in response to formal discovery demands or subpoenas) that have been designated by any party (the "Designating Party") as "CONFIDENTIAL" or "CONFIDENTIAL—

ATTORNEYS' EYES ONLY" and that the Designating Party believes in good faith to contain, reflect, regard, or disclose any trade secret, confidential, private, personal, or proprietary information.  The treatment of all such testimony, documents, records, or tangible things so designated (collectively referred to as "Confidential Material") shall be governed by the terms of this Protective Order.

(b) Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" obtained lawfully by such party independently of any proceedings in this Action, or which:  (i) was, is, or becomes public knowledge, not in violation of this Protective Order, or (ii) the receiving party can establish was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving party without the use of Confidential Material.

(c) Nothing contained herein shall impose any restrictions on the use or disclosure by a party of its own Confidential Material, whether or not designated by that party as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(d) This Protective Order shall not govern the use at trial of Confidential Material.   The Parties, and each of them, reserve the right to seek a separate order or orders to govern the use at trial of Confidential Material.

**2.** **Designation of Confidential Material**

(a) Any party or non-party may designate as "CONFIDENTIAL" those Confidential Materials containing confidential, proprietary, trade secret or otherwise sensitive information of which the Designating Party customarily takes steps to limit or prevent disclosure or misuse.

(b) Any party or non-party may designate as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" any information reflecting confidential and non-public (1) financial records; (2) business relationships; (3) customer lists; (4)

business plans and forecasts; (5) non-public marketing/advertising strategies; and (6) non-public pricing information, when it has a good faith belief that the disclosure of such material to any person, including to the adverse party, may have a competitively adverse effect on the Designating Party.

(c) Documentary Confidential Materials may be designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. A party or non-party shall be presumed to be aware of any such material fourteen (14) days after its disclosure.

(d) Deposition testimony may be designated in whole or in part as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by (i) oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to bind the "CONFIDENTIAL" and "CONFIDENTIAL—ATTORNEYS' EYES ONLY" portions of the deposition transcript separately and to stamp the words "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" as appropriate, on each transcript page so designated; or (ii) by written notice of such designation sent by counsel to all parties within thirty (30) days after receipt by counsel for the Designating Party of the final transcript of the deposition. The parties shall treat all testimony as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" hereunder until the expiration of thirty (30) days after the deposition transcript becomes available to counsel. If any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" is used during the course of a deposition, that portion of the deposition record reflecting such Confidential Material shall be sealed and stamped with the designated degree of confidentiality, and access shall be limited pursuant to the other terms of this Protective Order.

## 3. Use Limitations

All "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this Action (including the instant litigation and any appeals therefrom) and not for any business, research, development, or other purpose whatsoever, and shall not be given, shown, or made available or communicated or summarized in any way to anyone except persons specified in Paragraph 6 below who have read and are bound by the terms of this Protective Order.

## 4. Confidential Material Produced by Non-Parties

This Protective Order shall apply to the Parties to this Action and also to any other person producing or disclosing "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information in this Action who agrees or is ordered to be bound by this Protective Order. If, in the course of this Action, information is sought from a non-party which would require such non-party to disclose and/or produce "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information, such non-parties may obtain the protections of this Protective Order by executing a copy of Exhibit A hereto.

## 5. Subsequent Designations

The failure to designate Confidential Material as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" prior to or at the time of disclosure shall not operate as a waiver of a party's right to designate such information as CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" at a later time. Documents, deposition transcripts, and other information produced without having been designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be so designated pursuant to Paragraph 2 above in the following manner:

(a) Counsel for the parties to whom such documents, testimony, or other information have been disclosed must be advised in writing of the new designation, except for deposition transcripts designated within the time period designated in Paragraph 2(d);

(b) The designation applies only as of the date and time of receipt of notice of each person notified, except for deposition transcripts designated within the time period designated in Paragraph 2(d);

(c) Counsel for the parties receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistently with such new designation, but shall not be responsible for any disclosure to non-parties occurring before receipt of notice described in Paragraph 5(a); and

(d) Counsel for the Designating Party will provide counsel for the party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the new designation, and counsel for the party receiving the notice shall make reasonable efforts to destroy any copies of the documents, deposition testimony, or other information that does not bear the new designation.

## 6. **Persons to Whom Confidential Material May Be Disclosed**

Confidential Material may be disclosed only as follows:

(a) Materials designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

> (i) Any attorney who serves as outside litigation counsel of record to any party to this Action, and all attorneys, legal assistants, stenographic and clerical employees working under the supervision of such attorney within the same firm.
>
> (ii) The Parties' independent expert(s) or consultant(s), provided that any such person(s) or entity(s) agree(s) to be bound by this Protective Order

by signing a copy of the acknowledgment from attached as Exhibit A. Confidential Material shall be disclosed to an expert or consultant only to the extent necessary for the expert or consultant to perform his or her work in connection with this Action. No employee or regularly paid consultant of any party may serve as a consultant as defined by this section.

        (iii)    Any person of whom testimony is taken, where such person was the author or specified recipient of the designated material or is the present employee or expert witness for the Designating Party, or where counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials to that person, except that such person may not retain any such materials.

        (iv)    The Court and Court personnel in this Action, including court reporters.

        (v)    Any person providing graphics or design services for purposes of preparing demonstrative or other exhibits in this Action, any jury or trial consulting services, or any vendor providing document management or other litigation support services, provided that any such person(s) or entity(ies) agree(s) to be bound by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A. A vendor that solely provides document management, document review, document production, copying or duplication services for a party shall not be required to execute Exhibit A, but shall otherwise be bound to maintain the confidentiality of any Confidential Materials that are provided by the party.

(b)    Materials designated "CONFIDENTIAL" may be revealed to the persons designated in subparagraph 6(a), above, as well as to the following persons:

        (i)    Any named party to this Action, including any present or former employee thereof to whom it is necessary that the designated material be shown for purposes of this Action; and

-7-
SMRH:488124510.3        STIPULATED PROTECTIVE ORDER

     (ii) Any other person as to whom the Parties first agree in writing, which agreement will not be unreasonably withheld.

  (c) If outside litigation counsel of record for a party other than the Designating Party believes it reasonably necessary to disclose to the non-designating party (if the party is an individual) or to a single employee of that party (if the party is not an individual) information designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to allow the non-designating party's counsel to properly analyze the material so designated, that party's counsel shall send a written request to the Designating Party's outside litigation counsel of record.  Such request shall (i) describe with reasonable particularity the information or category of information that the non-designating party's counsel proposes to disclose to the non-designating party (or its employee), (ii) identify by name, title, and employer the individual to whom the non-designating party's counsel proposes to disclose the protected information, (iii) describe the current and reasonably expected future job duties of the individual  identified in clause (ii) above, and (iv) seek the Designating Party's agreement in writing to the proposed disclosure.  The Designating Party shall respond in writing to any such request within seven (7) days of receiving the request.  If the Parties are unable to resolve a dispute under this subparagraph 6(c), they shall resolve the dispute in accord with the procedures set forth in Paragraph 8 below.

**7.** **Court Filings and Proceedings Involving Confidential Material**

  In accordance with Local Rule 79-5, and this Court's Procedures for Requesting Under Seal Filings, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," and the document and/or information cannot be suitably redacted by agreement pursuant to Local Rule 79-5.2.2(b), the proposed filing shall be accompanied by an application to file under seal the papers or the portion thereof containing the designated information or

documents (if such portion is segregable) and, if appropriate, the application itself. The application shall be directed to the judge to whom the papers are directed. For documents not designated by another as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" proposed to be filed under seal, the parties shall file an application for leave to file under seal pursuant to Local Rule 79-5.2.2(a).

**8. Resolution of Disputes**

(a) This Protective Order is intended to protect information that, if disclosed other than as provided in this Protective Order, would cause serious harm to the disclosing party's business operations or interests. The Parties shall use reasonable care to avoid designating any materials as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" that are (a) not entitled to such designation, or (b) generally available to the public. The "CONFIDENTIAL" and "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designations should not be overused. In furtherance of the goal of using the confidentiality designations provided for herein as little as possible, the Parties hereto agree that they will actively work to avoid the over-designation of information produced in discovery in this Action. If only a portion of a document contains matter properly designated as either "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," then, where feasible, only that portion will be so designated, and the balance of the document will not be so designated.

(b) In the event that counsel for any party at any time believes that information designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" should not be so designated, or that a different designation should be employed, such counsel shall employ the procedures of Local Rules 37-1 through 37-4 to resolve that dispute. The Designating Party shall bear the burden of persuasion that it has properly designated the subject materials under the standards set forth herein. The Court may impose a monetary sanction under Federal Rule of Civil Procedure 37(a)(4) against any party, person, or attorney who

-9-

SMRH:488124510.3 STIPULATED PROTECTIVE ORDER

unsuccessfully makes or opposes such a motion, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

(c)     Until the Court enters an order changing the designation of the material which is to be the subject of the application, it shall be afforded the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" treatment described in Paragraph 6 above.

(d)     No party shall be obliged to challenge the propriety of a "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

**9.     <u>Disposition of Confidential Material Following Conclusion of this Action</u>**

(a)     The provisions of this Protective Order shall, absent written permission of the original Designating Party, or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including without limitation any appeals therefrom.  Within thirty (30) days after termination of this Action and the expiration of time for all appeals, counsel for the receiving party shall, at the option of the receiving party, either return all originals of the Confidential Material, including without limitation all extracts from Confidential Material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein, to counsel for the Designating Party, or destroy such Confidential Material, and certify in writing that said destruction has occurred to counsel for the Designating Party.   The termination of proceedings in this Action shall not thereafter relieve the Parties from the obligation to maintain the confidentiality of all Confidential Material received pursuant to this Protective Order.

(b)     Outside Counsel described in Paragraph 6(a)(i) above shall be entitled to retain "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES

ONLY" pleadings, correspondence, discovery requests and responses, deposition transcripts, produced documents, trial transcripts and exhibits, and attorney work product, provided that such counsel and employees of such counsel not disclose any such information and material designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" contained in such pleadings, correspondence, discovery requests and responses, deposition transcripts, produced documents, trial transcripts and exhibits, or attorney work product to any person or entity except pursuant to a written agreement with the Designating Party of the Confidential Material or unless compelled to do so by law.

(c) All materials returned to the Parties or their counsel by the Court likewise shall be disposed of or retained in accordance with this Paragraph 9.

**10.** **Non-parties**

(a) **Individuals**. In the event that the producing party redacts personal identifiers within documents, including but not limited to names, addresses, telephone numbers, social security numbers, dates of birth, driver's license numbers, personal identification numbers, and account numbers, then any party challenging any such redaction shall resolve the dispute in accord with the procedures set forth in Paragraph 8 above.

(b) **Business Entities**. In the event information in the possession or control of a party involves the confidentiality rights of a non-party corporation or other business entity, including if its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the

non-party or seek other means to obtain such information, provided, however, that this Order does not require the party from whom disclosure is sought to violate any order to produce documents issued by this or any other court.

**11.   Inadvertent Production of Privileged Documents**

If a party inadvertently produces a document that it later discovers to be a privileged or confidential document, the production of that document shall not be deemed to constitute a waiver of any applicable privileges or protections from discovery or disclosure.  In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials.  Within seven (7) days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof.  Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production.

**12.   Miscellaneous Provisions**

(a)   By entering into this Protective Order, no party waives any objections it might have to the production or disclosure of information covered by this Protective Order or to the use or admission of any such information in this or any other action.

(b)   No party to this Action, by entering into this Protective Order, by designating certain information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or by failing to challenge any such designation by another party, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential research, development, or commercial information.  The designation of information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not be admissible as evidence of confidentiality, nor shall the absence of such a designation be admissible as evidence of a lack of confidentiality.

(c) The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order as the Court may from time to time deem appropriate. The Parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed Confidential Material.

(d) Nothing contained in this Protective Order is intended to be construed as authorizing a party to disobey a lawful subpoena in another action.

## 13. **GOOD CAUSE STATEMENT**

This action involves the alleged intellectual property interests of the Parties and discovery in this action will involve the disclosure of private, privileged, proprietary, and confidential information, including without limitation the following:

(1) confidential and non-public financial records;

(2) confidential and non-public business and customer relationships;

(3) business plans and forecasts;

(4) non-public marketing/advertising strategies; and

(5) non-public pricing information.

Pursuant to Federal Rule of Civil Procedure 26(c)(1), good cause therefore exists for entry of this Protective Order because the Parties to this action (1) either have sought or might seek the discovery of certain information in this Action that the Parties believe is sensitive or confidential, (2) believe that unrestricted disclosure or dissemination of such information could cause them some business or commercial injury, (3) desire an efficient and practicable means to designate such information as confidential and control its disclosure or dissemination, and (4) have agreed to such means as set forth herein.

**IT IS SO STIPULATED.**

Dated: December 12, 2018    SHEPPARD MULLIN RICHTER & HAMPTON LLP

By    */s/ Carlo F. Van den Bosch*
CARLO F. VAN DEN BOSCH
Attorneys for Plaintiff
FIRST FOUNDATION INC.

Dated: December 12, 2018    MORRISON & FOERSTER LLP

By    */s/ Michael A. Jacobs*
MICHAEL A. JACOBS
Attorneys for Defendant
LBS FINANCIAL CREDIT UNION

I hereby attest that all parties signing this document and on whose behalf this document is submitted concur in the filing's content and have authorized this filing.
Dated: December 12, 2018    */s/ Carlo F. Van den Bosch*

## **ORDER**

Good cause appearing, **IT IS SO ORDERED**.

Dated: December 14, 2018    By:    /s/ Autumn D. Spaeth
Honorable Autumn D. Spaeth
Magistrate Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| FIRST FOUNDATION INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LBS FINANCIAL CREDIT UNION, a California state chartered credit union; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 8:18-cv-01494-DOC-ADS<br><br>**DECLARATION OF ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. David O. Carter<br>Magistrate: Hon. Autumn D. Spaeth<br><br>[Complaint Filed: August 22, 2018] |

I, _____ declare under penalty of perjury pursuant to the laws of the United States of America that:

1. I am employed by _____ in the capacity of _____.

2. I have received a copy of the Stipulated Protective Order in this action.

3. I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the above captioned case.

4. I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated as confidential information.

5. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

6. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

7. I further agree to submit to the jurisdiction and venue of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action, and understand that the Court may impose sanctions for any violation of the attached Stipulated Protective Order.

8. I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____